| | | | |
|---|---|---|---|
| | AUSA: | Robert White | Telephone: (313) 226-9620 |
| AO 91 (Rev. 11/11)  Criminal Complaint | Special Agent: | Jeffrey Richardson | Telephone: (619) 571-7063 |

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br><br>Harbhajan Singh BHINDER | Case No.   Case: 2:21−mj−30553<br>Assigned To : Unassigned<br>Assign. Date : 11/19/2021<br>Description: CMP USA v. BHINDER<br>(SO) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____November 19, 2021_____ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a) | Possession with intent to distribute Methamphetamine |

This criminal complaint is based on these facts:

see attached affidavit

☐ Continued on the attached sheet.

_Jeffrey D. Richardson_
_____
*Complainant's signature*

Jeffrey Richardson, Special Agent, HSI
_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __November 19, 2021__

City and state: __Detroit, MI__

_Jonathan JC Grey_
_____
*Judge's signature*

Hon. Jonathan J.C. Grey U.S. Magistrate
_____
*Printed name and title*
Judge

## AFFIDAVIT

I, Jeffrey Richardson, being duly sworn, hereby state the following:

## I.   INTRODUCTION AND AGENT BACKGROUND

1.     This affidavit is based on my own personal observations and knowledge as well as my review and analysis of oral and written reports, my discussions with other law enforcement officers, and my training and experience. The information outlined herein is provided for the limited purpose of establishing probable cause, and does not contain all details or facts that exist pertaining to the investigation.

2.     I am a Special Agent and currently employed by the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) since April 2006. My formal education includes a Bachelor of Arts Degree in Criminal Justice from the University of Michigan-Flint. From April 2006 through September 2006 I attended the Federal Law Enforcement Training Center (FLETC) at Glynco, Georgia. During this time I received formalized training in various investigative techniques required of every Special Agent trainee. Following my successful completion of the FLETC training program, I was assigned to HSI's San Diego Field Office.

1

3.     In June 2011 I was reassigned to the Financial Investigations Group. The Financial Investigations Group primarily investigates money laundering and bulk cash smuggling. In May 2012 I was reassigned to the Border Enforcement Security Task Force (BEST) Major Narcotics Group. The BEST Major Narcotics Group primarily conducts long term proactive narcotics investigations. I transferred to HSI's Detroit Field Office in January 2018 and was assigned to the BEST Narcotics Group.

4.     Based on my investigation, there is probable cause to believe that Harbhajan Singh BHINDER  attempted to possess with intent to distribute more than 150 kilograms of methamphetamine in violation of Title 21 U.S.C. §§ 841(a).

## II.    <u>**PROBABLE CAUSE**</u>

5.     On November 19, 2021, Customs and Border Protection (CBP) officers were conducting outbound customs inspections at the Detroit Ambassador Bridge.   CBP officers selected Harbhajan BHINDER, a Canadian citizen and resident for inspection.   During this inspection, BHINDER was the driver and sole occupant of a Canadian commercial truck towing a Canadian registered flatbed trailer.   A search of the flatbed trailer resulted in the discovery of a white crystalline substance which field-tested positive for the presence of methamphetamine.   CBP

2

officers ultimately located and seized approximately 150.2 kilograms of suspected methamphetamine, which was found within a concealed compartment and a separate factory compartment attached to the flatbed trailer. A CBP K-9 alerted to the suspected methamphetamine and to areas within the cab of BHINDER's commercial truck. A search of the cab of the commercial truck resulted in the discovery of two bundles of suspected methamphetamine and one bindle of suspected heroin. Additionally, CBP officers discovered drug paraphernalia including a pipe, foil and several unused packaged hypodermic needles.

6.      Officers performed a cursory border search of BHINDER's phone, which contained an image of a large amount of suspected methamphetamine.

7.      Following the seizure of the suspected methamphetamine, CBP officers reviewed the packaging material utilized to contain the suspected methamphetamine. After this review CBP officers realized a portion of the seized suspected methamphetamine had been contained with white plastic garbage bags. CBP officers found a roll of similar if not identical empty plastic garbage bags within the cab of BHINER's commercial truck.

8.      Due to my training and experience I estimate the value of the seized suspected methamphetamine to be approximately $3,000,000. Your affiant is aware through his training and experience that this amount of methamphetamine is consistent with large scale drug distribution activities.

9.      Post Miranda, BHINDER was interviewed and informed agents that he purchased and "renovated" the flatbed trailer, found to contain the suspected methamphetamine.  BHINDER stated he was aware of the compartment containing the majority of the seized suspected methamphetamine.  Also during the interview BHINDER initially claimed that he had not been underneath the flatbed trailer while in the United States but later admitted to being in the same facinity of the concealed compartment underneath the flatbed trailer while in the U.S.  BHINDER also admitted he had opened the factory compartment found to contain suspected methamphetamine while he was in the United States.  BHINDER admitted that his actions were not consistent with normal truck driver behavior referring to being expeditious with truck driver routes and being paid by the mile. BHINDER instead admitted to spending large amounts of time at

numerous truck stops instead of driving, which he blamed on bad weather and truck mechanical issues.

10. Your affiant is aware that the U.S. Department of Transporation (DOT) requires that commercial truck drivers maintain an electronic log book if the truck is newer than 2000, which BHINDER's commercial truck is manufactured following the year 2000. When asked about his electronic log bood, BHINDER admitted that he was aware that the electronic log book was required but chose to ignore the DOT regulations. BHINDER has been a truck driver since 2015 and has crossed into the U.S. approximately 100 times in the last four years.

11. Based on the foregoing, there is probable cause to believe that Harbhajan Singh BHINDER violated 21 U.S.C. §§ 841(a).

*Jeffrey D. Richardson*

Jeffrey Richardson, Special Agent
Department of Homeland Security,
Immigration and Customs
Enforcement, Homeland Security
Investigations

Sworn to before me and signed in my presence
And/or by reliable electronic means.

*Jonathan JC Grey*

Hon. Jonathan J.C. Grey
United States Magistrate Judge

DATE:  November 19, 2021

6